### ANGELO CATONE *v.* MICHAEL BELITSKY

Superior Court, Housing Session, Judicial District of
Ansonia-Milford at Derby
File No. CV-03-9663

Memorandum filed October 17, 2003

*Wallace & O'Neill, LLC,* for plaintiff.

*Michael Belitsky,* pro se, the defendant.

NADEAU, J. The present case concerns the issue of whether the defendant, Michael Belitsky, who has always lived in the home his father owned, has a sufficient claim of a cognizable possessory interest so as to require the recent purchaser, Angelo Catone, the plaintiff, to institute a separate legal action to quiet title.

The circumstances present a heartbreaking scenario, probably played out all too frequently in modern times of increasingly expensive long-term health care. The defendant credibly relates that his father always intended that he would ultimately have the residence for his own, given that the son had always lived in the residence with his father. Two factual situations negatively affected this intention. First, the father never made a legal conveyance to the defendant in any form, either in fee simple or via a conveyance with the retention of a life estate. Second, and just as significantly, the father began to suffer poor health such that admittance to a nursing home became necessary. It has become a stay of lengthy duration which continues to date. Funds to offset this cost were depleted and the health care facility moved the Probate Court for the appointment of a conservator. That court appointed an attorney to serve in such capacity.

This court requested that the conservator appear at a hearing subsequent to the initial hearing, in order that the court become more fully apprised of the circumstances. The plaintiff, who was the high bidder and buyer, was a stranger to the facts and could not be expected to possess much in the way of historical context. The defendant, who was the son and resident in possession, appeared pro se and reported difficulties dealing with the conservator.

The conservator testified to the necessity of selling the father's primary asset, the subject parcel. As the high

bidder and buyer, the plaintiff possesses a recorded "conservator's deed" to the premises.

The defendant has refused to quit the premises and brought his credible story to the court via the two hearings conducted. This court, faced with two innocent litigants, is reluctantly forced to conclude that the failure to formalize the father's intentions has left his loving son without sufficiently colorable claim to his father's intended legacy, such as to render it almost equally unfair to require the plaintiff to begin a new, lengthy, separate Superior Court action to quiet title.

There is little or no case law found in Connecticut that illuminates the scenario wherein one in possession of title, as the plaintiff here possesses and which apparently passed on January 16, 2003, is formally required to quiet title instead of seeking summary process or eviction.

The only two Connecticut cases that define "colorable claim" do so in different factual contexts and offer no aid to this defendant. See *Fattibene* v. *Kealey*, 18 Conn. App. 344, 558 A.2d 677 (1989); *Nania* v. *Borges*, 41 Conn. Sup. 90, 551 A.2d 781 (1988). A California case, also arising in a different setting, discusses the concept of "colorable claim" as well. See *Rogers* v. *Platt*, 199 Cal. App. 3d 1204, 1212 & n.3, 245 Cal. Rptr. 532 (1988).

An additional sad fact is that it is also possible, under certain circumstances of timing, which might possibly have occurred, that any belated effort at a formal transfer to the son might come to be undone as a "fraudulent" transfer for the purpose of evading nursing home charges.

The situation compels the court to strive to make the best of a bad situation and extend the relevant time period to the time set out as follows.

It is ordered that judgment for possession enter for the plaintiff and it is further ordered that a stay of execution in favor of the defendant also enter until February 3, 2004. No order is issued requiring payment of "use and occupancy" monies by the defendant during this period.